**In re JADE WEST CORPORATION, INC., dba Jade West Restaurant, Debtor.**

**Bankruptcy No. 384–02952.**

United States Bankruptcy Court, D. Oregon.

June 26, 1985.

Jerome B. Shank of Sussman, Shank, Wapnick, Caplan & Stiles, Portland, Or., for trustee.

Kenneth Lee Baker, Portland, Or., for claimants.

## MEMORANDUM OPINION

HENRY L. HESS, Jr., Bankruptcy Judge.

This matter came before the court upon a hearing on the trustee's objection to claims number 12 and 9 filed by Sidney Leo and Anita Leo, respectively.

Mr. and Mrs. Leo filed wage priority claims in the amounts of $4,950.00 and $2,550.00, respectively. The trustee objected to both claims on the ground that they exceeded the $2,000 limit imposed by 11 U.S.C. § 507. He also objected to Mr. Leo's claim because "Sidney Leo was president of the debtor, a member of its Board of Directors, a member of the corporation's management, and a stockholder." Notice of Trustee's Objection to Claim No. 12. A similar objection was made to Anita Leo's claim since she was the secretary of the debtor corporation, as well as a member of the Board of Directors and a stockholder. Both objections allege that the claimants were "not a workman, servant, clerk, traveling or city salesman." Notice of Trustee's Objection to Claim.

Both claimants requested a hearing on the objection, indicating that they were both employees of the debtor-corporation and hold wage claims that are entitled to priority under 11 U.S.C. § 507(a)(3).

11 U.S.C. § 507(a)(3) provides:

(a) The following expenses and claims have priority in the following order:

(3) Third, allowed unsecured claims for wages, salaries, or commissions, including vacation, severance, and sick leave pay—

(A) earned by an individual within 90 days before the date of the filing of the petition or the date of the cessation of the debtor's business, whichever occurs first; but only

(B) to the extent of $2,000 for each such individual.

At the hearing, the trustee argued that, although there were no cases on point which were decided under the Bankruptcy Reform Act of 1978, several cases decided under the Bankruptcy Act of 1898 held that persons employed by a debtor-corporation in a managerial capacity were not entitled to priority under 11 U.S.C. § 104(a) [hereinafter referred to as "Section 64 of the Bankruptcy Act of 1898"]. Section 64 of the Bankruptcy Act of 1898 provided in pertinent part as follows:

The debts to have priority, in advance of the payment of dividends to creditors, and to be paid in full out of bankrupt estates, and the order of payment, shall be (1) * * *; (2) wages, not to exceed $600 to each claimant, which have been earned within three months before the date of the commencement of the proceeding, due to workmen, servants, clerks, or traveling or city salesmen * *.

In applying this section, the courts interpreted the words "workmen, servants, clerks or traveling or city salesmen" as applying only to employees who served in a menial capacity and exercised no policy-making authority. See, e.g., *In Re Bush Terminal Printing Corp.*, 32 F.2d 265 (2nd Cir.1929), where the Circuit Court affirmed the District Court, which stated:

The petitioner was not serving in a subordinate or menial capacity, with power to hire and discharge, and to determine the help that was needed, and therefore his claim is not entitled to priority, but should be allowed as that of a general creditor. *Id.*, at 265.

In view of the language of Section 64 of the Bankruptcy Act of 1898, this result may have been reasonable. The applicable section of the 1978 Act, however, contains substantially different language. 11 U.S.C. § 507(a)(3) states that the wage claims of "an individual" enjoy a third priority. This change in wording certainly supports the conclusion that a different result follows under the 1978 Act than the 1898 Act. According to the plain words in 11 U.S.C. § 507(a)(3), any employee is entitled to a wage priority, regardless of the capacity in which he served his employer.

Accordingly, the trustee's objection is overruled. This opinion constitutes the

**18**

court's findings of fact and conclusions of law in accordance with Bankruptcy Rule 7052. An order consistent herewith will be entered.